Nov. Term, 1854.

Ashe
v.
Lanham.

---

### Ashe and Others *v.* Lanham.

A boundary fixed by the county surveyor, in the presence and by the request of the parties interested, will be held, in a subsequent controversy between them, to be *prima facie* correct.

The county surveyor is presumed, *prima facie*, to have a knowledge of the art of surveying.

Nov. Term, 1854.

ASHE
v.
LANHAM.

Monday, December 4.

ERROR to the *Switzerland* Circuit Court.

PERKINS, J.—Trespass, in the *Switzerland* Circuit Court, by *Lanham* against *Ashe* and others, alleging that they broke into the plaintiff's enclosure and carried away a house of the value, &c. Plea, the general issue. Jury trial, verdict for the plaintiff, and judgment, over a motion for a new trial, on the verdict.

The real object of the suit was to settle a dispute about the boundary line between *Lanham* and *Ashe*, and the greater part of the evidence bears upon that question. It was proved that the line in dispute had been run by *Howe*, the county surveyor, at the request of *Ashe*, and in presence of said *Ashe* and *Lanham;* that said surveyor, at the time, had in his possession what he called the field-notes, and to which he referred, while getting his corners and running the line, as such, and that by the line established by said surveyor, the house pulled down was upon the land of the plaintiff, *Lanham*. Subsequently, the plaintiff offered in evidence what purported to be a copy of the field-notes of the county, and of said lands, certified by the surveyor-general, without further proof in regard to them than the testimony of *Daniel Kelso*, who swore that he was a surveyor, and had for a length of time known said field-notes in the county, had surveyed by them, and recognized them as, and considered them to be, the field-notes of *Switzerland* county.

We are not clear that the Court did right in admitting these notes in evidence without previous proof that they had been procured, deposited, and kept under and according to the statute upon the subject; but we think their admission was harmless. The survey proved to have been made by the county surveyor at *Ashe's* request, and in his presence, as well as in that of *Lanham*, was *prima facie* correct. By it the house in question belonged to the plaintiff, *Lanham*. There was no attempt to impeach the correctness of that survey, except by the testimony of some witnesses not surveyors, that it did not correspond to what

they understood to be the old line. The plaintiff's case, therefore, was clearly made out without these field-notes.

The defendants asked the Court to instruct the jury, that "the survey as proved to have been made by *Howe*, has no greater dignity or force than if the same survey had been made by any other person." The Court refused, and rightly, to give the instruction.

The fact that *Howe* was the county surveyor, regularly appointed, was *prima facie* evidence that he had a knowledge of the art of surveying; and surely a survey made by such a person, would be entitled to more consideration than if made by one having no knowledge on the subject.

In the broad terms in which the instruction was asked, it was most clearly incorrect.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*J. Dumont*, for the plaintiffs.

*D. Kelso*, for the defendant.